## DISCIPLINARY DOCKET

94-2254.  Cincinnati Bar Assn. v. Sullivan.  On November 9, 1995, this court ordered respondent, Sharon Sullivan, to show cause why she should not be found in contempt for failure to comply with this court's April 5, 1995 order.  On November 29, 1995, respondent filed a motion for hearing.  Upon consideration thereof,

IT IS ORDERED by the court, effective February 12, 1996, that respondent's motion be, and is hereby, granted, and that a hearing before the court be held on March 5, 1996.

DOUGLAS, RESNICK and COOK, JJ., dissent.

94-2649.  Richland Cty. Bar Assn. v. Beilstein.  On November 9, 1995, this court issued to respondent, Kathryn Ann Beilstein, an order to show cause why she should not be held in contempt and suspended from the practice of law for failure to comply with the court's order of April 12, 1995, to wit, failure to pay board costs on or before July 11, 1995.  On November 28, 1995, respondent filed a response to the order to show cause and paid board costs, including accrued interest in full.  Upon consideration thereof,

IT IS ORDERED by the court that the show cause order be, and is hereby, vacated, effective February 12, 1996.

94-2662.  Disciplinary Counsel v. Ostheimer.  On October 11, 1995, this court ordered respondent, Stephen Lee Ostheimer, to show cause why he should not be found in contempt for failure to comply with this court's June 14, 1995 order, to wit, failure to pay board costs on or before September 12, 1995.  On October 31, 1995, respondent filed a response to the show cause order, wherein he requested to pay board costs in $50 monthly installments.  Upon consideration thereof,

IT IS ORDERED by the court that respondent's request to pay board costs in $50 monthly installments be, and is hereby, denied, effective February 12, 1996.

WRIGHT and COOK, JJ., would also find respondent in contempt and refer this matter to the Attorney General.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent and would permit installment payments.

95-2367.  Cincinnati Bar Assn. v. Matho.  On November 17, 1995, movant, Cincinnati Bar Association, filed a motion to show cause with this court.  On December 7, 1995, this court granted the motion and ordered respondents, Eugene and Marilyn T. Matho, to show cause why they should not be found in contempt for their failure or refusal to comply with a subpoena *duces tecum* issued by the Board of Commissioners on the Unauthorized Practice of Law.  Respondents did not respond to the December 7, 1995 order.  Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, effective February 12, 1996, that the respondents, Eugene Matho and Marilyn T. Matho, are found in contempt.  It is further ordered that respondents are to appear before this court on March 5, 1996.

*Wednesday, February 14, 1996*

## MERIT DOCKET

95-2198.  State ex rel. Palich v. James.  In Mandamus.  On motion for order to show cause.  *Sua sponte*, motion denied and cause dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT and COOK, JJ., dissent and would order briefing on fees.

95-2549.  Blanchard v. Character.  In Mandamus.  On motion to dismiss.  Motion to dismiss sustained.  Cause dismissed.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

95-2604.  Morehouse v. Gallagher.  In Procedendo.  *Sua sponte*, cause dismissed.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.